**Appeal No. 10-4173**

---

## UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

---

| | |
|---|---|
| GLOBAL MARKETING ALLIANCE, LLC, a Utah Limited Liability Company | **BRIEF OF APPELLANT** |
| Appellant, | **Oral Argument Requested** |
| v. | |
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, a Washington Corporation | |
| Appellee. | |

---

**On Appeal from the United States District Court for the District of Utah**
**The Honorable Bruce S. Jenkins, District Court Judge**
**District Court Case No.: 2:09-cv-00954-BSJ**

---

Stuart H. Schultz, #2886
STRONG & HANNI
3 Triad Center, Suite 500
Salt Lake City, Utah  84180
Telephone:  (801) 532-7080
Facsimile:   (801) 596-1508

*Attorney for Global Marketing Alliance*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Global Marketing Alliance, LLC ("GMA") does not have any parent corporation and there is no publicly held corporation that owns 10% or more of its stock.

# **TABLE OF CONTENTS**

<u>Page</u>

CORPORATE DISCLOSURE STATEMENT ........................................................ i

TABLE OF CONTENTS.............................................................................. ii

TABLE OF AUTHORITIES ....................................................................... iv

STATEMENT OF RELATED CASES ....................................................1

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................2

STATEMENT OF THE CASE..............................................................2

STATEMENT OF RELEVANT FACTS ..................................................4

SUMMARY OF THE ARGUMENT ......................................................9

ARGUMENT ..................................................................................10

     A.     STANDARD OF REVIEW ...............................................10

     B.     SUMMARY JUDGMENT IS INAPPROPRIATE BECAUSE
              DISPUTED MATERIAL FACTS EXIST. ..........................11

     C.     UNDER UTAH LAW THERE IS COVERAGE FOR THE
              UNDERLYING ACTIONS BECAUSE THE ALLEGATIONS
              COULD RESULT IN LIABILITY UNDER THE POLICY.............12

             1.     GMA's Policy anticipated coverage for damages resulting from
                      providing alcohol. ..................................................13

             2.     Furthermore, under Utah law, an automobile exclusion only
                      precludes coverage for acts that are inextricably intertwined
                      with the use of an automobile. ..................................15

CONCLUSION .......................................................................................20

REQUEST FOR ORAL ARGUMENT ..................................................21

CERTIFICATE OF VIRUS PROTECTION...........................................22

CERTIFICATE OF COMPLIANCE WITH RULE 32(a) .....................23

ADDENDUM OF PERTINENT JUDICIAL PRONOUNCEMENTS...................25

# TABLE OF AUTHORITIES

Page

## Cases Cited

Allstate Ins. Co. v. Worthington, 46 F.3d 1005, (10th Cir. 1995).................... 12, 19

Ill. Farmers Ins. Co. v. Wiegand, 808 N.E.2d 180 (Ind. Ct. App. 2004)................18

LDS Hospital v. Capitol Life Ins. Co., 765 P.2d 857 (Utah 1988) .........................12

Meyers v. Miss. Ins. Guar. Ass'n, 883 So. 2d 10 (Miss. 2003)..............................18

Nova Cas. Co. v. Able Const., Inc., 1999 UT 69, 983 P.2d 575 ............... 12, 13, 14

Sharon Steele Corp. v. Aetna Cas. & Sur. Co., 931 P.2d 127 (Utah 1997) ............12

Taylor v. Am. Fire & Cas. Co., 925 P.2d 1279 (Utah App. 1996)................. passim

Trapper Mining, Inc. v. Lujan, 923 F.2d 774 (10th Cir. 1991) ...............................11

Wilcha v. Nationwide Mut. Fire Ins. Co., 887 A.2d 1254 (Pa. 2005).....................18

## Statutes and Other Authorities Cited

28 U.S.C. § 1291 .......................................................................................................1

28 U.S.C. § 1331 .......................................................................................................1

28 U.S.C. § 1332(a) ..................................................................................................1

Fed. R. App. P. 3 .......................................................................................................1

Fed. R. App. P. 4 ...................................................................................................1, 2

Fed. R. Civ. P. 56(c)................................................................................................10

## STATEMENT OF RELATED CASES

There are no prior or related appeals.

## JURISDICTIONAL STATEMENT

A.  Plaintiff filed its declaratory action and following Motion for Summary Judgment in the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. § 1331, based on Subject Matter jurisdiction with issues arising under the laws of the United States.

Pursuant to 28 U.S.C. § 1332(a), jurisdiction is also based on the Diversity of Citizenship between the parties.  Plaintiff is an insurance company licensed to do business in the State of Utah, with its principal place of business in Seattle, Washington.  Defendant is a limited liability company with its principal place of business in Salt Lake City, Utah.  The underlying actions giving rise to the declaratory action seek compensation for wrongful death, personal injuries, medical bills and other costs such that this case has an amount in controversy exceeding $75,000.

B.  The trial court granted Plaintiff's Motion as a matter of law, which resulted in a final judgment in favor of First National.  Pursuant to 28 U.S.C. § 1291 and Fed. R. App. P. 3 & 4, this judgment is appealable and the Tenth Circuit Court of Appeals has jurisdiction.

1

C.  On September 8, 2010, the District Court entered its final order granting Plaintiff's Motion for Summary Judgment and denying Defendant's Counterclaims.  On October 5, 2010, within the allotted time set forth in Fed. R. App. P. 4(a)(1)(A), Defendant filed its Notice of Appeal.  The Court extended the deadline to file the Appellant's Brief to August 19, 2011.

D.  This is an appeal from a final judgment that disposes of all of the parties' claims.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether the District Court erred in granting summary judgment in favor of Plaintiff First National Insurance Company of America ("First National") on the basis that an automobile exclusion in GMA's Policy barred coverage for causes of action not inextricably intertwined with the use of an automobile.  In conjunction therewith, whether the District Court erred in not holding that policy provisions providing coverage where alcohol is involved in the claims should have been interpreted as a basis for coverage.  Also, whether the District Court erred in ruling as a matter of law even though material issues of fact remained in dispute.

## STATEMENT OF THE CASE

This case involves a dispute over whether GMA is entitled to insurance coverage for the claims pled in multiple state court actions (the "underlying actions").  In the underlying actions, GMA was named as a defendant.  At the time

2

of the events giving rise to the causes of action, GMA had a Commercial General Liability policy (the "Policy") issued by First National.

Even though the underlying actions pled causes of action that, if proven, would be covered under the Policy, First National denied coverage for GMA. First National then filed a declaratory action seeking a declaration that an automobile exclusion in GMA's policy precludes coverage for GMA for all claims in the underlying actions. GMA responded and filed a counterclaim alleging that First National's denial breached its contractual obligations and breached the implied covenant of good faith and fair dealing. After GMA filed its counterclaim, Plaintiff agreed to provide a defense for GMA for the underlying actions.

First National then filed a Motion for Summary Judgment seeking an order from the district court declaring that there is no coverage, and no duty to defend or indemnify, GMA for the underlying actions. First National also sought to dismiss GMA's counterclaims. First National argued that the automobile exclusion was a blanket preclusion or total bar to coverage, even though there were independent claims unrelated to the use of an automobile and such claims would otherwise be covered.

GMA opposed First National's Motion, arguing that the underlying actions claim that some of GMA's behavior—i.e., negligently serving alcohol and negligently failing to supervise a company party—were alleged as proximate

3

causes of the underlying plaintiffs' injuries, and that behavior was independent of and not "inextricably intertwined" with the use of an automobile. As a result, GMA argued that coverage cannot be precluded based on the automobile exclusion. GMA supported this argument by citing Taylor v. Am. Fire & Cas. Co., 925 P.2d 1279 (Utah App. 1996), which held that a vehicle exclusionary clause only precludes coverage for injuries or damages that are "inextricably intertwined" with the use of a vehicle. GMA pointed out that failing to supervise a company party and providing alcohol at a party are not inextricably intertwined with the use of a vehicle. Even though these additional claims are unrelated to the use of a vehicle, the District Court granted First National's Motion for Summary Judgment on its claims for declaratory relief and dismissed GMA's counterclaims. This appeal followed.

## STATEMENT OF RELEVANT FACTS

On April 1, 2009, John Bishop, an employee of GMA, attended a GMA company party where he allegedly consumed alcohol provided by GMA. (See Aplt. App. at 93-94.) Mr. Bishop left the party and, while driving a GMA vehicle, was involved in an accident. Several passengers in the vehicle were injured, and one passenger died. (See Aplt. App. at 95.) Two persons in another vehicle were also injured.

As a result of the accident, the underlying actions were filed, naming Mr. Bishop, GMA and others as defendants. (<u>See, e.g.</u>, Aplt. App. at 79.) These underlying actions complain that GMA is liable for any injuries sustained by the underlying plaintiffs. Specifically, the underlying plaintiffs allege that GMA is liable for, among other things: (1) negligent entrustment of a vehicle to Mr. Bishop, (<u>see, e.g.</u>, Aplt. App. at 96), (2) failure to supervise Mr. Bishop's driving, (3) failure to properly equip Mr. Bishop's vehicle with an appropriate interlock device, (4) failure to train Mr. Bishop on automobile safety, (5) failure to train Mr. Bishop on the dangers of alcohol use and driving, , (6) failure to prevent Mr. Bishop from transporting other employees, , (7) "**failure to supervise Defendant Bishop's alcohol consumption** at the April 1, 2009 company party," (<u>see, e.g.</u>, Aplt. App. at 73 & 97) (emphasis added), and (8) "**[p]roviding alcohol to defendant Bishop at a company party** on the day of the crash." (<u>see</u> Aplt. App. at 85) (emphasis added).

On April 1, 2009, Mr. Bishop was an employee of GMA. On April 1, 2009, GMA had a Commercial General Liability policy in the form of Policy No. 25-cc-195362-2 (the "Policy"), issued by First National. (<u>See</u> Aplt. App. at 103.) The Policy contains the following language relevant to this and the underlying lawsuits:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**. . .**

5

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.  Insuring Agreement.**

> **a.**  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. . . .

· · ·

**2.  Exclusions**

This insurance does not apply to:

· · ·

> **c.  Liquor Liability**
>
> "Bodily injury" or "property damage" for which any insured may be held liable by reason of:
>
> **(1)**  Causing or contributing to the intoxication of any person;

· · ·

> This exclusion applies only if you are in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages.

(<u>See</u> Aplt. App. at 103-104.)

The Policy language cited to in the Summary Judgment Motion contained

the following exclusionary language:

> **g.    Aircraft, Auto Or Watercraft**
>
> "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft owned or operated by or rented or loaned to any insured.  Use includes operation and "loading or unloading."
>
> This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft that is owned or operated by or rented or loaned to any insured.

(See Aplt. App. at 106.)[1]

Based on First National's interpretation of the Policy, and specifically

paragraph 2.g. of the Policy titled "Aircraft, Auto Or Watercraft," First National

denied coverage for the underlying lawsuits.  (See Aplt. App. at 34, ¶ 17.)  First

National filed an action against GMA, seeking a declaratory judgment that there

was no coverage for the underlying lawsuits and that First National had no duty to

defend or indemnify GMA.  (See Aplt. App. at 11.)

---

[1] This Exclusion in the Policy was amended by a Liability Plus Endorsement, however it was not cited to in any Memorandum pertaining to the Summary Judgment Motion and is therefore not a part of the record.  In the Endorsement, the title of the Exclusion was changed and dropped the term "Auto," but the language of the exclusion relating to Autos apparently remained unchanged.

As a result of First National's denial, GMA filed a Counterclaim seeking relief for First National's breach of contract and breach of the covenant of good faith and fair dealing.   (See Aplt. App. at 30.)

First National filed a Motion for Summary Judgment, alleging that since the underlying lawsuit contained some claims relating to the use of an automobile, the Policy excluded coverage for all the claims.  (See Aplt. App. at 40.)  Although there were claims related to the use of an automobile, there were also other alleged actions separate and independent from any automobile use or entrustment that allegedly caused the underlying plaintiffs' injuries.  (See, e.g., Aplt. App. at 73 & 97.)

GMA opposed the Motion arguing that coverage should apply because the jury could determine that GMA's actions, independent of any alleged negligence regarding an automobile, were a proximate cause of the underlying plaintiffs' injuries, and that such actions would be covered under the Policy.  (See Aplt. App. at 129.)  GMA argued that an automobile exclusion provision is not a total bar to coverage and that the policy must be read as a whole.  (See Aplt. App. at 127.)  GMA also argued that under Taylor v. Am. Fire & Cas. Co., 925 P.2d 1279 (Utah App. 1996) a vehicle exclusionary clause does not preclude or bar coverage for damages that are not inextricably intertwined with the use of a vehicle.  (See Aplt. App. at 128-129.)  And in this case, the underlying plaintiffs allege that certain

actions of GMA, which are not inextricably intertwined with the use of an

automobile, were a proximate cause of their injuries. (See, e.g., Aplt. App. at 73 &

97.) Despite having allegations that are not inextricably intertwined with the use

of an automobile, the District Court granted First National's Motion for Summary

Judgment on its claims for declaratory relief and dismissed GMA's counterclaims.

(See Aplt. App. at 167.) In granting First National's Motion, the District Court

stated that whether the automobile exclusion applies in this instance is "a hard

case," and he granted the Motion "reluctantly." (See Aplt. App. at 152.)

## SUMMARY OF THE ARGUMENT

GMA is being accused of proximately causing injuries to the underlying

plaintiffs. These allegations are based on several causes of action. Some of these

causes of action are based on alleged negligent entrustment of a vehicle to one if its

employees. However, the underlying plaintiffs also allege that GMA negligently

failed to supervise activities at a company party in which alcohol was served, and

that negligence was also an independent proximate cause of their injuries. These

alleged causes of injury are separate and independent from the use of an

automobile.

First National has denied coverage for all of the underlying plaintiffs'

claims, even those unrelated to any use or supervision of a vehicle. First National

bases its denial on its own, narrow interpretation of both the Policy and Utah law.

However, coverage is provided under the Policy and Utah law for the following reasons:  first, summary judgment was improper because facts exist that are material to First National's obligation to provide coverage, and these facts remain disputed.  Second, the Policy, when read as a whole, anticipated coverage for accidents stemming from negligent supervision and for injuries or damages resulting from providing alcohol.  As such, First National is required to provide coverage for such claims.  Third, under Utah law, an automobile exclusion only bars coverage for claims that are inextricably intertwined with the use of an automobile.  As stated in <u>Taylor</u>, First National is required to provide coverage for GMA because there are allegations that GMA caused injury to the underlying plaintiffs, and these allegations are not inextricably intertwined with the use of an automobile.

## **ARGUMENT**

### A.    **STANDARD OF REVIEW**

Under Fed. R. Civ. P. 56(c), summary judgment is only appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no geniune issue as to any material fact and that the movant is entitled to judgment as a matter of law."  When a matter comes before this Court following summary judgment, this Court applies "the same standards employed by the trial court under Fed. R. Civ. P. 56(c)."  <u>Trapper Mining, Inc. v. Lujan</u>, 923

F.2d 774, 777 (10th Cir. 1991) (internal citations omitted).  This Court reviews <u>de</u>

<u>novo</u> the the trial court's decision to grant summary judgment.  <u>See</u> <u>id.</u>

### B.  SUMMARY JUDGMENT IS INAPPROPRIATE BECAUSE DISPUTED MATERIAL FACTS EXIST.

Where disputed material facts exist, summary judgment is inappropriate.

<u>See</u> Fed. R. Civ. P. 56(c).  In the current matter, there are disputed issues of

material fact that are relevant to the issue of whether coverage is available under

the Policy, and therefore the trial court erred in granting summary judgment.

As discussed in detail below, the underlying plaintiffs allege that GMA was

negligent for several reasons.  Some of these allegations involve the use,

maintenance or entrustment of an automobile.  (<u>See, e.g.</u>, Aplt. App. at 96.)

However, other allegations are independent of the use or entrustment of an

automobile, and the underlying plaintiffs allege that these acts were independent

proximate causes of their alleged injuries.  (<u>See, e.g.</u>, Aplt. App. at 73 & 97.)

If the underlying plaintiffs prevail on their non-automobile related

allegations, then coverage would be provided under the Policy.  As a result, the

disputed facts surrounding the non-automobile related alleged proximate causes of

the underlying plaintiffs' alleged injuries are material to the coverage

determination.  Because the proximate causes of the injuries are material to the

decision of coverage, and those allegations are currently disputed, summary

judgment is inappropriate, and this Court should reverse the District Court's ruling.

**C.     UNDER UTAH LAW THERE IS COVERAGE FOR THE
        UNDERLYING ACTIONS BECAUSE THE ALLEGATIONS
        COULD RESULT IN LIABILITY UNDER THE POLICY.**

Even if the Court determined that there are no genuine issues of material

fact, then the Court should still reverse the trial court's decision.

In addressing the issues of this case, the Court must apply Utah's substantive

law.  See, e.g., Allstate Ins. Co. v. Worthington, 46 F.3d 1005, 1007 (10th Cir.

1995).  Under Utah law, "contracts of insurance are to be construed in favor of the

insured, particularly exclusionary clauses . . . ."  Id. at 1009; See also Taylor v.

Am. Fire & Cas. Co., 925 P.2d 1279, 1282 (Utah App. 1996) (citing LDS Hospital

v. Capitol Life Ins. Co., 765 P.2d 857, 859 (Utah 1988)) ("Exclusionary clauses are

strictly construed against the insurer . . . .").

Furthermore, "[a]n insurer's duty to defend is determined by reference to the

allegations in the underlying complaint.  When those allegations, if proved, could

result in liability under the policy, then the insurer has a duty to defend."  Nova

Cas. Co. v. Able Const., Inc., 1999 UT 69 ¶ 8, 983 P.2d 575 (citing Sharon Steele

Corp. v. Aetna Cas. & Sur. Co., 931 P.2d 127, 133 (Utah 1997)).  This well-

established rule is true even if the underlying actions include the use of an

automobile and the Policy contains an automobile exclusionary clause.  See

Taylor, 925 P.2d 1279.  Because the underlying plaintiffs' complaints contain

"allegations [that], if proved, could result in liability under the policy, then [First National] has a duty to defend."  See Nova, 1999 UT 69 at ¶ 8.

As set forth in Taylor, the court held that a claim "falls outside the scope" of an insurance "policy's motor vehicle exclusionary clause" if there is "any alleged negligence [that] exist[s] independently of the ownership, use or maintenance of the vehicle . . . ."  925 P.2d at 1283 (internal quotations omitted).  Because there is "alleged negligence" that exists "independently of the ownership, use or maintenance of the vehicle," the underlying plaintiffs' claims "fall outside the scope" of "the policy's motor vehicle exclusionary clause."  See id.

### 1.     GMA's Policy anticipated coverage for damages resulting from providing alcohol.

The allegations in the underlying actions giving rise to First National's Declaratory Action, and ultimately its Summary Judgment Motion, include allegations that GMA proximately caused injuries to the underlying plaintiffs by negligently entrusting a vehicle to John Bishop.  While these allegations, by themselves, would arguably preclude coverage for the underlying actions, the underlying plaintiffs also allege that GMA negligently failed to supervise a company party and negligently provided alcohol at that party.  These allegations are independent of the use, maintenance or entrustment of a vehicle.  Specifically, the underlying actions include allegations that GMA proximately caused their injuries because of its "failure to supervise Defendant Bishop's alcohol

13

consumption at the April 1, 2009 company party," and "[p]roviding alcohol to

defendant Bishop at a company party on the day of the crash." (See, e.g., Aplt.

App. at 73 & 97.)

As stated in <u>Nova</u>, "[a]n insurer's duty to defend is determined by reference

to the allegations in the underlying complaint. When those allegations, if proved,

**<u>could result in liability under the policy, then the insurer has a duty to</u>**

**<u>defend</u>**." 1999 UT 69 at ¶ 8 (emphasis added). The underlying plaintiffs could

prevail on their allegations that GMA negligently failed to supervise a party or

negligently provided alcohol, and lose their arguments that GMA negligently

entrusted a vehicle to John Bishop. If this happened, GMA would be found to

have proximately caused the underlying plaintiffs' based on allegations

independent of the use of an automobile.

Furthermore, GMA's Policy would provide coverage for injuries or damages

resulting from GMA's alleged negligent supervision of a party or alleged

negligence in providing alcohol. Specifically, the Policy provides coverage for

"those sums that the insured becomes legally obligated to pay as damages because

of 'bodily injury' or 'property damage' to which this insurance applies. . . ." (See

Aplt. App. at 103.) And the insurance Policy applies to "'bodily injury' or

'property damage' for which any insured may be held liable by reason of . . .

[c]ausing or contributing to the intoxication of any person," unless the insured is

"in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages." (<u>See</u> Aplt. App. at 104.) There is no question that GMA is not in the business of manufacturing, distributing, selling, serving or furnishing alcoholic beverages. Therefore, coverage for the causes of action relating to allegedly serving alcohol would be covered.

Since GMA's Policy anticipates coverage for GMA as a result of injuries proximately caused by the providing of alcohol, then the allegations that GMA negligently provided alcohol, if proved, would be covered under the Policy.

> **2.      Furthermore, under Utah law, an automobile exclusion only precludes coverage for acts that are inextricably intertwined with the use of an automobile.**

Despite being obligated to provide coverage for the reasons set forth above, First National argues that an automobile exclusion should act as a total bar to coverage. However, because the underlying actions allege that GMA proximately caused their injuries as a result of actions that are not inextricably intertwined with the use of an automobile, coverage cannot be precluded on this basis.

First National argues that an automobile exclusionary clause in GMA's Policy precludes coverage for all of the underlying plaintiffs' claims. (<u>See</u> Aplt. App. at 40.) However, First National's argument is contrary to Utah law. As noted above, the <u>Taylor</u> court held that a claim "falls outside the scope" of an insurance "policy's motor vehicle exclusionary clause" if there is "any alleged

15

negligence [that] exist[s] independently of the ownership, use or maintenance of the vehicle," in other words, when an injury is proximately caused by "two independent acts, one of which was vehicle-related and one of which was non-vehicle-related," then the claim falls outside the scope of the exclusionary clause. 925 P.2d at 1283 (internal quotations omitted).  Since the underlying plaintiffs allege against GMA that there were "[multiple] independent acts, [some] of which are vehicle-related and [some] of which are non-vehicle-related," then the claims fall outside the scope of the exclusionary clause.  See id.

First National's reliance on Taylor to support its argument fails because all of the causes of action in Taylor involved an automobile.  In Taylor, Myra Taylor was injured in a car accident by a car driven by Jennifer Olson.  Id. at 1280.  Prior to the accident, Ms. Olson borrowed her father's uninsured, unregistered car, against her parents' directions, she went to a party, consumed alcohol, and then drove.  Id.  As a result, she was in an accident with Taylor.  Id.  Taylor sued the Olsons, and the Olsons sought coverage under their homeowner's policy.  Id.  The Olsons homeowner's policy contained an automobile exclusion, and they were denied coverage on that basis.  Id.

In Taylor's lawsuit, the causes of action that went to trial were: "(1) negligent use and operation of a motor vehicle; . . . (3) Ronald Olson's statutory liability for Ms. Olson's misconduct; (4) negligent entrustment; and (5) failure to

16

properly supervise and control the conduct of a minor child." Id. The Taylor court

focused the appeal on this fifth cause of action, in particular, whether an

automobile exclusion precluded coverage based on a claim that the Olsons "failed

to properly supervise and control the conduct of Ms. Olson . . . ." Id. at 1282. This

question was determined to be a matter of first impression in Utah. Id.

The Taylor court reasoned that "no conduct on the Olsons' part . . . can be

disassociated from the use of the vehicle itself." Id. at 1283 (internal quotations

omitted). In fact, the negligent supervision claims that were allegedly independent

from the use of a vehicle were based on the following:

> (1) the Olsons knew Ms. Olson had driven the vehicle on prior
> occasions without insurance and without registration but still **allowed**
> **Ms. Olson access to the vehicle**; (2) the Olsons knew Ms. Olson had
> used license plates from another vehicle, but **did not do anything to**
> **stop this practice**; and (3) the Olsons knew or should have known
> Ms. Olson had consumed alcoholic beverages on prior occasions and
> had driven afterwards, but had **failed to prevent Ms. Olson from**
> **having access to the vehicle**.

Id. at 1282 (emphasis added). All of these negligent supervision claims still

involved the supervision of the use of an automobile. The Taylor court adopted the

reasoning of other jurisdictions that "where the negligent supervision is so

inextricably intertwined with the motor vehicle, there is no independent nonauto-

related act which would take the claim outside the scope of the motor vehicle

exclusionary clause," and held that there was no coverage. Id. at 1283.

First National attempted to further support its argument by citing several cases from other jurisdictions that also held that an automobile exclusionary clause precluded coverage.  However, like <u>Taylor</u>, these cases also directly involve negligent supervision of the use of an automobile.  <u>See, e.g.</u>, <u>Wilcha v. Nationwide Mut. Fire Ins. Co.</u>, 887 A.2d 1254, 1259 (Pa. 2005) (the "negligent entrustment" involved the "use" of an automobile); <u>Ill. Farmers Ins. Co. v. Wiegand</u>, 808 N.E.2d 180, 191 (Ind. Ct. App. 2004) (all of the negligence claims arise from the use of an automobile); <u>Meyers v. Miss. Ins. Guar. Ass'n</u>, 883 So. 2d 10 (Miss. 2003) (all claims involved the use of an automobile).

The current case is different than <u>Taylor</u> and the other cases relied on by First National.  Unlike the cases cited by First National, the underlying plaintiffs' allege that GMA proximately caused their injuries because of actions that are unrelated to the use or entrustment of any vehicle.  (<u>See, e.g.</u>, Aplt. App. at 73 & 97.)  Specifically, the underlying plaintiffs allege that separate and apart from the alleged negligent supervision of an automobile, GMA also allegedly negligently failed to supervise a party, negligently provided alcohol at that party, and those alleged negligent acts were also proximate causes of their injuries.  (<u>See, e.g.</u>, Aplt. App. at 73 & 97.)  These allegations do not involve the use of an automobile.

As noted in <u>Allstate Ins. Co. v. Worthington</u>, it would be unreasonable to allow an automobile exclusion to preclude coverage for allegations of negligence

that are not based on the use of an automobile.  See id., 46 F.3d at 1010 (While it "seems logical that if a [liability] policy excludes coverage for the use of automobiles, the negligent entrustment of automobiles is derivative and there should be no coverage," however, negligence based on allegations not involving entrustment of automobiles "are not derivative in the same way.")

The underlying actions clearly include allegations that GMA proximately caused injuries to the underlying plaintiffs based on alleged negligent acts that are independent from the use of an automobile.  First National seeks to expand the Taylor court's holding to preclude coverage for these alleged negligent acts, even though they "are not derivative in the same way" as the negligent supervision allegations in Taylor.  If the Taylor court wanted to interpret the automobile exclusionary clause to preclude coverage for any accident involving the use of an automobile, it could have simply ruled as such.  Instead, the court embarked on a detailed analysis attempting to distinguish causes of action that are related to the use of an automobile and causes of action that do not involve the use of an automobile; ultimately holding that when there exists allegations following an automobile accident that are not inextricably intertwined with the use of an automobile, an automobile exclusion cannot act as a total bar to coverage.  See generally, Taylor, 925 P.2d 1279.

The automobile exclusion should not be applied as a blanket provision to exclude coverage for all of the underlying plaintiffs' claims, especially since the underlying claims include claims unrelated to the use of an automobile.  (See, e.g., Aplt. App. at 73 & 97.)  First National's interpretation of the Policy was never contemplated by the parties, and is not supported by Utah law.  As a result, the Court should reverse the trial court's holding and deny First National's motion for summary judgment.

## <u>CONCLUSION</u>

Based on the foregoing, this Court should reverse the District Court's Order and Summary Judgment and hold that there is coverage under the Policy, or that there are material fact issues that preclude summary judgment.

DATED this _____ day of August, 2011.

STRONG & HANNI


By _____
    Stuart H. Schultz
    *Attorneys for Appellant Global*
    *Marketing Alliance, LLC*

## REQUEST FOR ORAL ARGUMENT

Global Marketing Alliance, LLC requests oral argument so it may have the opportunity to fully address any questions or concerns the Court may have arising out of the briefing.

## <u>CERTIFICATE OF VIRUS PROTECTION</u>

Counsel for Appellant Global Marketing Alliance, LLC hereby certifies

that:

(1)    all required privacy redactions have been made;

(2)    that the ECF submission of Appellant's Brief is an exact copy of hard copies submitted to the clerk's office;

(3)    that the ECF submission was scanned for viruses using McAfee, version 5.2.1, updated August 17, 2011, and, according to the program is free of viruses.

DATED this _____ day of August, 2011.

STRONG & HANNI

By _____
       Stuart H. Schultz
       *Attorneys for Appellant Global*
       *Marketing Alliance, LLC*

22

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(a)</u>

1.     This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because it contains 4,461 words, excluding the parts of the brief

exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.     This brief complies with the typeface requirements of Fed. R. App. P.

32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has

been prepared in a proportionally spaced typeface using MS Word 2007, in 14

point Times New Roman font.

DATED this   18th   day of August, 2011.

STRONG & HANNI

*s/Stuart H. Schultz*
By _____
       Stuart H. Schultz
       *Attorneys for Appellant Global*
       *Marketing Alliance, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this  18th  day of August, 2011, a true and

correct copy of the foregoing **APPELLANT'S BRIEF** was served by the method

indicated below to the following:

| | |
|---|---|
| Jesse C. Trentadue | ( ) U.S. Mail, Postage Prepaid |
| Michael W. Homer | ( ) Hand Delivered |
| Noah M. Hoagland | ( ) Overnight Mail |
| SUITTER AXLAND, PLLC | ( ) Facsimile |
| 8 East Broadway, Suite 200 | (√ ) CM/ECF System |
| Salt Lake City, UT  84111 | |
| *Attorneys for First National* | |

| | |
|---|---|
| Michael A. Katz | ( ) U.S. Mail, Postage Prepaid |
| SIEGFRIED & JENSEN | ( ) Hand Delivered |
| 5664 South Green Street | ( ) Overnight Mail |
| Murray, UT | ( ) Facsimile |
| *Attorneys for Glen E. Palmer* | (√ ) CM/ECF System |

| | |
|---|---|
| Ford G. Scalley | ( ) U.S. Mail, Postage Prepaid |
| SCALLEY, READING, BATES, HANSEN | ( ) Hand Delivered |
| & RASMUSSEN | ( ) Overnight Mail |
| 15 West South Temple, Suite 600 | ( ) Facsimile |
| Salt Lake City, UT  84147-0429 | (√ ) CM/ECF System |
| *Attorneys for Trails* | |

*s/Stuart H. Schultz*

_____

24

## ADDENDUM OF PERTINENT JUDICIAL PRONOUNCEMENTS

The following Addendum of Pertinent Judicial Pronouncements consists of:

Clerk's Judgment (Ex. 1), Order Granting Plaintiff's Motion for Summary

Judgment (Ex. 2), Transcribed Motion Hearing for Summary Judgment (Ex. 3).